**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


JUSTIN LEVI ESPINOZA,

      Plaintiff,

v.                                                                    CIV No. 14-323 JB/GBW

JAMES FRAWNER, et al.,

      Defendants.

**<u>ORDER TO SHOW CAUSE</u>**

This matter is before the Court upon a review of the record.  On June 18, 2014, the Court entered an order requiring plaintiff to cure defects in his complaint.  *Doc. 6*. On July 2, 2014 the order sent to Plaintiff was returned as undeliverable.  *Doc. 41*. Plaintiff has not provided the Court with any other mailing address.

Plaintiff has a "continuing duty to notify the Clerk, in writing, of any change in their mailing address," and Plaintiff's apparent failure to update his change of address will make proceeding in his case impossible.  D.N.M.LR-Civ. 83.6.  The Court may impose sanctions for Plaintiff's failure based on the local rules and the Court's inherent power to regulate its docket and promote judicial efficiency.  *See Martinez v. Int'l Revenue Serv.*, 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *See, e.g., Link v. Wabash R.R.*

*Co.*, 370 U.S. 626, 629-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005).

Based on Plaintiff's failure to notify the Court of his change of address, he will be required to show cause why this case should not be dismissed.

Wherefore, **IT IS HEREBY ORDERED** that, no later than fourteen days from the date of this order, Plaintiff shall file with the Court notice of his current address. Failure to respond to this Order shall constitute an independent basis for dismissal.

_____

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE